# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MIGUEL ANTONIO M.,** | Civil Action No. 19-14739 (MCA) |
| Petitioner, | |
| v. | OPINION |
| **ACTING SECRETARY DHS KEVIN K MCALEENAN, et al.,** | |
| Respondent. | |

## I. INTRODUCTION

This matter having come before the Court on Petitioner's submission of a Petition for a writ of habeas corpus. For the reasons explained in this Opinion, the Court will grant the writ of habeas corpus and direct the government to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days, pursuant to the standards set forth in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–35 (3d Cir. 2011).

## II. FACTUAL BACKGROUND

Petitioner is a citizen and national of the Dominican Republic. *See* ECF No. 1 at ¶ 10; *see also* Ex. A, August 29, 2019 Board of Immigration Appeals Decision. Petitioner was admitted to the United States as a lawful permanent resident on April 30, 1999. *See id.* Petitioner was detained by Immigration and Customs Enforcement ("ICE") on December 3, 2018. *See id.* Petitioner was issued a Notice to Appear and charged with removability on the basis of several criminal convictions. *See* Ex. A.

On January 17, 2019, Petitioner appeared with counsel for a master calendar hearing before an immigration judge. *See* Declaration of Elizabeth Burgus ("Burgus Decl.") at ¶ 3. The

1

hearing was adjourned to February 19, 2019 to allow Petitioner time to prepare. *See id.* On February 19, 2019, Petitioner appeared with counsel again for a master calendar hearing and the hearing was scheduled to an individual calendar hearing on April 8, 2019. *See id.* at ¶ 4. On March 25, 2019, Petitioner filed an application for relief from removal with the immigration court. *See id.* at ¶ 5. On April 8, 2019, Petitioner appeared for an individual hearing before the IJ. See id. at ¶ 6. At the conclusion of the hearing, the IJ denied Petitioner's application for relief and ordered him removed. *See id.*; *see also* Ex. B, April 8, 2019 IJ Order.

On April 29, 2019, Petitioner appealed the decision of the IJ to the BIA. On May 23, 2019, Petitioner appeared for a bond hearing before the IJ, and the IJ denied Petitioner's request for bond on the basis that Petitioner was not eligible for bond hearing pursuant to *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018) because his removal order was not administratively final. *See* Ex. C, May 23, 2019 IJ Bond Decision. Petitioner reserved appeal of the bond decision, but it does not appear that Petitioner filed an appeal the decision. *See id.* On August 29, 2019, the BIA issued a decision dismissing Petitioner's appeal and affirming the removal order issued by the IJ. See Ex. A.

Petitioner filed a Petition for Review, *see* ECF No. 5-1, and, on September 27, 2019, the Third Circuit Court of Appeals entered an order temporarily staying Petitioner's removal. *See* ECF No. 7-1, at 1. The Petition for Review remains pending.

### III. ANALYSIS

In light of the stay entered by the Third Circuit Court of Appeals, the current basis for Petitioner's detention appears to be 8 U.S.C. § 1226(c). *See Leslie v. Att'y Gen.*, 678 F.3d 265 (3d Cir. 2012) ("Our review indicates that every circuit to consider the issue has held that § 1226, not § 1231, governs detention during a stay of removal.") (citations omitted). The

government asserts that Petitioner's continued detention without an individualized bond hearing is authorized by 8 U.S.C. § 1226 and points to the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018), which abrogated, at least in part, the Third Circuit's prior precedents in *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011). *See* ECF No. 7. The government also argues that Petitioner's detention continues to serve the purpose of the statute. *See id.*

The Supreme Court first considered the constitutionality of prolonged detention pursuant to § 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003). There, the Court determined that the statute was facially constitutional as "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531. In reaching this conclusion, the Court noted that in most cases detention under the statute lasted only a month and a half and that even in cases where an appeal was taken to the Board of Immigration Appeals ("BIA"), detention pursuant to § 1226(c) lasted an average of four months, indicating that detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* at 529. Because the Court found the statute constitutional, it rejected Petitioner's challenge even though Petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore* it was clear that detention for less than six months was insufficient to support an as-applied challenge to detention under the statute.

Subsequently, in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011), the Third Circuit applied the canon of constitutional avoidance to § 1226(c), and "conclude[d] that the statute implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release

3

will not pose a danger to the community." Because the Third Circuit did "not believe that Congress intended to authorize prolonged, unreasonable detention without a bond hearing," it determined that § 1226(c) must be read to "contain[ ] an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length [and the statute] yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose" when this "implicit limitation" is exceeded. *Id.* at 235. The determination of whether a given period of detention is reasonable is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case" *Id.* at 234; *see also Dryden v. Green*, 321 F.Supp.3d 496, 499–500 (D.N.J., 2018) (explaining same).

Subsequently, in *Chavez–Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit again determined that § 1226(c) should be read to contain an implicit reasonableness limitation, and that detention beyond the point of reasonableness absent a bond hearing would be unconstitutional. *Id.* at 475. The Third Circuit further held that, absent bad faith on the part of Petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore v. Kim*, 538 U.S. 510, 532–33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute."[1] 783 F.3d at 478.

---

[1] On the issue of bad faith, the court acknowledged that "[a]n argument could be made that aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would not otherwise get under the statute." *Id.* at 476. Because the court concluded that *Chavez–Alvarez* did not act in bad faith in challenging his removal, it declined to decide whether an alien's delay tactics should preclude a bond hearing. *Id.* at 476.

4

In *Jennings v. Rodriguez*, 538 U.S. ——, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court reversed the Ninth Circuit holding that three detention provisions of the INA—8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed these three provisions to require an automatic bond hearing before the immigration judge ("IJ") at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible constructions" of the three detention statutes, and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention under the three provisions becomes prolonged. *Id.* at 842-47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18 CIV. 4189, 2018 WL 2932726 (RWS), at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional challenge before it, instead holding that there was no statutorily-guaranteed right to 'periodic bond hearings' under Sections 1225(b) and 1226(c)."). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden*, 321 F. Supp.3d at 501 (finding that as-applied challenges remain viable post-*Jennings*).

*Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c). Courts in this District, however, have found "[t]he constitutional reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance to how this Court should address § 1226(c) claims" *See Dryden*, 321 F. Supp.3d at 502. Although the Third Circuit has not yet provided explicit guidance to lower

5

courts grappling with Post-*Jennings* challenges to prolonged detention under § 1226(c), it has stated in dicta that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding that the reasonableness inquiry it performed in *Diop* and *Chavez-Alvarez* is inappropriate in the context of § 1226(a)).

Here, Petitioner has been detained for more than 15 months, well beyond the one-year outer limit set forth *Chavez-Alvarez*, and there is no evidence of Petitioner's bad faith. Because Petitioner has been detained beyond the outer limit set forth in *Chavez-Alvarez*, there is no evidence of Petitioner's bad faith, and his appeal is still pending, the Court finds that Petitioner's detention has become unreasonably prolonged such that due process requires that Petitioner be afforded an individualized bond hearing before an immigration judge. That bond hearing shall be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the government in § 1226(c) cases).

### IV. CONCLUSION

For the reasons explained in this Opinion, this Court grants Petitioner's habeas petition and directs the government to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days of the date of this Order. An appropriate order follows.

DATED: 3-12-20

Madeline Cox Arleo, District Judge
United States District Court

6